# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cambrian Holding Company, Inc., *et al*.,[1] | ) | Case No.  19-51200 (GRS) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | Honorable Gregory R. Schaaf |

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
## OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Cambrian Holding Company, Inc. and its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, (each a "**Debtor**" and, collectively, the "**Debtors**") have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") in the United States Bankruptcy Court for the Eastern District of Kentucky (this "**Bankruptcy Court**").  The Debtors prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  J. Mark Campbell has signed each set of the Schedules and Statements.  J. Mark Campbell serves as the President of Cambrian Holding Company, Inc. and he is an authorized signatory for each of the Debtors.  Although the Debtors and Mr. Campbell have made every commercially reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  For the avoidance of doubt, the Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Cambrian Holding Company, Inc. (8203), Cambrian Coal LLC (3394), Apex Energy, Inc. (3455), C.W. Augering, Inc. (2875), Marshall Resources, Inc. (9735), PLM Holding Company LLC (7427), Bear Branch Coal LLC (0674), Clintwood Elkhorn Mining LLC (6910), Gatliff Coal LLC (5768), Perry County Coal LLC (4382), Ray Coal LLC (0981), Whitaker Coal LLC (8270), Pike-Letcher Land LLC (8952), Premier Elkhorn Coal LLC (8951), Raven Rock Development LLC (1351), Rich Mountain Coal LLC (1974), S.T. & T. Leasing, Inc. (0340), T.C. Leasing, Inc. (7705), and Shelby Resources, LLC (5085).

or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.

## Global Notes and Overview of Methodology

1. **Description of Cases**.  On June 16, 2019 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 18, 2019, an order was entered directing procedural, but not the substantive, consolidation and joint administration of these chapter 11 cases (Docket No. 81).  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2. **Global Notes Control**.  These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements conflict these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   (a) **No Admission**.  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   (b) **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the

Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

(c)    **Classifications**.  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d)    **Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e)    **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

(f)    **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(g)    **Insiders**.  In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of

"insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code or with respect to any theories of liability or any other purpose.

(h)     **Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws that are not listed as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims and causes of action, whether arising under the Bankruptcy Code or otherwise, that they may have or will have, and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions or causes of action or in any way prejudice or impair the assertion of such claims. The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtors and non-Debtors) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things: (a) letters of credit, (b) surety bonds, (c) guarantees, (d) indemnities, and (e) other arrangements. The Debtors reserve their rights to supplement the Schedules and Statements for these items at a later date. Additionally, prior to the relevant Petition Date, each Debtor, as a plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

4.     **Methodology**.

(a)     **Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b) **Confidential Information**.  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality and protection of sensitive commercial information (*e.g.*, names of customers), or concerns for the privacy of an individual (*e.g.*, employees).

Certain Debtor agreements are confidential in nature even as to their very existence between the respective contract counterparties.  Due to the confidential nature of these agreements and in order to best protect the Debtors' business interests, the Debtors have not listed these agreements on Schedule G.  The Debtors have taken the necessary steps to identify these agreements to the extent possible and can provide detail as to these agreements should circumstances require them to do so.  The Debtors reserve all of their rights with respect to such agreements.

(c) **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once.

(d) **Net Book Value**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date.  Market values may vary, sometimes materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(e) **Inventories; Property and Equipment**.  Inventories consist of materials and supplies and coal inventory.  These inventories are valued at the lower of cost or market.  Coal inventory costs include labor, supplies, equipment, operating overhead, and transportation costs incurred prior to the transfer of title to customers.  Property, plant, equipment and mine development are recorded at cost or at fair value at the date of acquisition in the case of acquired businesses, and are presented net of accumulated depreciation and amortization.  All inventories, as well as all property and equipment, are presented without consideration of any statutory or consensual liens.

(f)     **Coal Reserves**.  The Debtors have not analyzed the current market value of their owned or leased coal reserves.  Except where otherwise noted, the Debtors have reported the book value of all owned pieces of real property, including coal reserves, in Schedule A/B.  Certain unexpired coal reserve leases of the Debtors as of the Petition Date that may constitute executory contracts or unexpired leases within the meaning of Bankruptcy Code section 365 are also included in Schedule G, and to the extent that there was an amount outstanding under a coal reserve lease, such as royalties payable, as of the Petition Date, the amount owed to the lessor of the coal reserves has been listed on Schedule E/F.

(g)     **Allocation of Liabilities**.   The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(h)     **Undetermined Amounts**.  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(i)     **Unliquidated Amounts**.  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(j)     **Totals**.  All totals that are included in the Schedules and Statements represent totals of all listed amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(k)     **Paid Claims**.  The Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order, such as taxes, wages, and certain claims; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements with the exception that liabilities with respect to the Debtors' prepetition vendors may be listed at the amount outstanding as of the Petition Date, regardless of whether such claims have been settled and paid postpetition in accordance with the *Order Authorizing Debtors to Pay Certain Prepetition Claims of: (I) Critical Vendors; and (II) Shippers* (the "**Vendors Order**").  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

(l)     **Intercompany Claims**.  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

(m)     **Guarantees and Other Secondary Liability Claims**.  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements.  Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(n)     **Excluded Assets and Liabilities**.  The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements:  certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits.  Other immaterial assets and liabilities may also have been excluded.

(o)     **Liens**.  The inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(p)     **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S.  dollars.

(q)     **Setoffs**.  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Setoffs in the ordinary course can result from various items including derivative transactions in connection with market risk management activities and counterparty settlements.  These normal setoffs can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all normal setoffs.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.    **Specific Schedules Disclosures**.

(a)    **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* (Docket No. 10) (the "**Cash Management Motion**") and any orders of the Bankruptcy Court granting the Cash Management Motion.

Cash accounts are presented as current bank balances as of the Petition Date.  The Debtors believe that these figures generally align with the book value of the cash accounts as of the close of business on June 15, 2019.  Notwithstanding the foregoing, these figures may vary slightly.  Assets recorded as negative net payables or other prepayments are representative of credits owed from customers or third parties, and where appropriate, have instead been shown on Schedule E/F.

Additionally, the Bankruptcy Court, pursuant to the *Final Order Pursuant to 11 USC 105(a) and 366 (I) Prohibiting Utilities from Discontinuing, Altering, or Refusing Service, (II) Establishing Procedures for Determining Adequate Assurance Payments, and (III) Establishing Procedures for the Utilities to Opt Out of the Debtors' Proposed Adequate Assurance Procedures* (Docket No. 282), has authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $50,000.  Such deposits are not listed on Schedule A/B, Part 2.

(b)    **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

(c)    **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**.  Dollar amounts are presented net of accumulated depreciation and other adjustments.

(d)    **Schedule A/B, Part 9 – Real Property**.  For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  Buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected

is Debtor-owned property. The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

Coal property indicates coal that is yet to be mined and exists unprocessed on or below the earth's surface in its natural state. Due to the interwoven nature of yet to be mined coal and real property, the Debtors have included coal property on Schedule A/B, Part 9. The Debtors take no position as to whether coal property should be considered real property for the purposes of Schedule A/B, Part 9.

(e)    **Schedule A/B, Part 11 – All Other Assets**. Dollar amounts are presented net of impairments and other adjustments.

Additionally, the Debtors may receive refunds for sales and use tax at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors, and accordingly, may not be listed in Schedule A/B.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims***. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

***Interests in Insurance Policies or Annuities***. A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of an Order Authorizing, but not Directing, the Debtors to: (A) Continue Insurance Coverage Entered into Pre-Petition; and (B) Maintain Postpetition Financing of Insurance Premiums* (Docket No. 12).

***Executory Contracts and Unexpired Leases***. Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements in Schedule G.

**Schedule D – Creditors Who Have Claims Secured by Property**. The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in Schedule D are solely intended to be a summary—and not an admission—of liability.

Certain claimants listed under Schedule E/F may have the right, pursuant to state law, to assert trade or mechanics' liens over the Debtors' leaseholds, as well as essential parts, machinery, and other equipment.  As of the Petition Date, it is possible that a subset of vendors could assert such liens for certain prepetition goods or services.  The Debtors reserve their right to supplement Schedule D with such parties should they assert and perfect such mechanics' or trade liens.

(f)     **Schedule E/F – Creditors Who Have Unsecured Claims**.

*Part 1 - Creditors with Priority Unsecured Claims*.  The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on July 18, 2019, the Bankruptcy Court entered the *Final Order (I) Authorizing, But Not Directing, the Debtors to (A) Pay and Honor Certain Prepetition Claims for Wages, Salaries, Bonuses and Other Compensation and Withholdings and Deductions; (B) Continue Employee Benefit Programs in the Ordinary Course of Business; and (C) Pay Certain Reimbursable Expenses; (II) Authorizing, But Not Directing, the Debtors to Make Deductions from Employee Paychecks; and (III) Authorizing and Directing Banks and other Financial Institutions to Receive, Process, Honor and Pay All Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing* (Docket No. 234), authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits.  Additionally, on July 18, 2019, the Bankruptcy Court entered the *Final Order Authorizing Payment of Certain Prepetition Taxes* (Docket No. 233) authorizing the Debtors to pay or honor certain prepetition obligations owed to taxing authorities.  To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court order, they may not be included on Schedule E.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

*Part 2 - Creditors with Nonpriority Unsecured Claims*.  The Debtors have made reasonable efforts to report all general unsecured claims against the Debtors on

Schedule E/F, Part 2, based upon the Debtors' existing books and records. The claims of individual creditors for among other things, products, goods or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all rights with respect to any such credits and allowances including the right to assert claims objections and/or setoffs. The claims listed on Schedule E/F, Part 2, arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E/F, Part 2, was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

Schedule E/F, Part 2, does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. For the avoidance of doubt, where the named defendant is Cambrian Holding Company, Inc. ("**Cambrian Holding**") plus "et al.," the Debtors have listed such claim on Schedule E/F, Part 2, of Cambrian Holding. However, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule E/F, Part 2, for that Debtor.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be rejected.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if and as they receive such invoices.

***Workers' Compensation Claims***. The Debtors are subject to the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 901 *et seq.* (the "**Black Lung Benefits Act**") and other workers' compensation laws in the states in which they operate. Under the Black Lung Benefits Act, such Debtors are required to provide benefits to their current and former coal miners (and certain of their

qualified dependents) suffering from coal workers' pneumoconiosis, an occupational disease often referred to as black lung disease. The Debtors are fully insured with respect to any claims that may arise under the Black Lung Benefits Act and applicable workers' compensation laws, including those claims related to legacy "TECO" obligations under the Black Lung Benefits Act and workers' compensation obligations for which a bond is in place.

(g)    **Schedule G – Executory Contracts and Unexpired Leases**.  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.  Furthermore, the Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein.  In some cases, the same supplier or provider appears multiple

times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors have included certain interests in real property on Schedule G.  The listing of such real property interests on Schedule G as "executory" does not constitute an admission by a Debtor that any such contract is executory.  The Debtors reserve all rights to recategorize and/or recharacterize their interests in such real property at a later date, as necessary.

The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' Secured Notes.  The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(h)     **Schedule H – Co-Debtors**.  For purposes of Schedule H, the the Debtors have identified and listed certain guarantees associated with the Debtors' executory contracts, unexpired leases, and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.  The Debtors have not listed any litigation-related Co-Debtors on Schedule H.  Instead, all such listings can be found on the Debtors' Schedule E/F.

6.      **Specific Statements Disclosures**.

(a)     **Statements, Part 1, Question 2 – Non-Business Revenue**.  The Debtors record a non-material amount of certain transactions as other income in their financial records.  Such transactions have been included in the response to Statements, Part 1, Question 2.  These transactions are not related to the sale of coal but are related to the sale of surplus equipment, scrap metal and other sundry items.

(b)     **Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors within 90 Days**.  The dates set forth in the "Dates" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the check date.  In general, disbursements are made by Cambrian Holding or its affiliates, and recorded to the proper entity with the liability through intercompany journal entries. In addition to the payments disclosed in response to this Question, the Debtors periodically replenish "petty cash" working accounts held locally by some entities.  Disbursements from these working

accounts, held by various Debtors, to third party payees are included in this Question but the intercompany replenishment transactions are not.

**Statements, Part 2, Question 4 – Payments and Transfers to Insiders**.  For a discussion of setoffs incurred by the Debtors, refer to paragraph 3(g) of these Global Notes.  To the extent:  (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became and insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

(c)    **Statements, Part 2, Question 5 – Repossessions, Foreclosures and Returns**. The Debtors return damaged, unsatisfactory or out-of-specification raw materials and other goods to vendors in the ordinary course of business.  These ordinary course returns have not been listed in SOFAs Part 2, Question 5.

(d)    **Statements, Part 2, Question 6 – Setoffs**.  For a discussion of setoffs incurred by the Debtors, refer to paragraph 4(q) of these Global Notes.

(e)    **Statements, Part 3 – Legal Actions or Assignments**.  There are several pending litigation matters which may or may not lead to potential recoveries.  The actual amount of these litigation matters is contingent on the outcome of the cases.  The Debtors routinely participate in administrative actions and appeals with state agencies regarding permits in the ordinary course of their business and they have identified those administrative actions that were pending within one year of the Petition Date.

(f)    **Statements, Part 6, Question 11 – Payments Related to Bankruptcy**.  The attachment to Question 11 on all Statements reflect payments to professionals made from the Debtors' operating account, which is owned by Marshall Resources, on behalf of the 19 Debtors on a consolidated basis.  The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to allocate these payments on a Debtor-by-Debtor basis.  The response to Question 11 in each of the Debtors' Statements thus refers to the attachment to Question 11 of Marshall Resources' Statement.

(g)    **Statements, Part 12, Questions 22-24 – Details About Environmental Information**.  The Debtors historically have operated in several locations across Kentucky and Virginia, and own certain property in Tennessee that is not operational.  At some locations, the Debtors no longer have any active operations and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable.  Some individuals who once possessed responsive information are no longer employed by the Debtors.  For all these reasons, it may not be possible to identify and supply the requested information for all of the requested information that is responsive to Statements Part 12, Questions 22-24.  The Debtors have provided responsive information for matters and issues that have arisen within the last three years, including matters

and issues that the Debtors consider having been resolved. This timeframe is consistent with requirements in state and federal coal mining regulations to include environmental violations from the previous three-year period in Surface Mining Control and Reclamation Act coal mining permit applications, revisions and renewals. This response does not include sites or proceedings related to non-environmental laws, such as occupational safety and health laws or transportation laws. This response is also limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and proceedings that have resulted from alleged violations of environmental laws. This response also does not cover: (i) periodic information requests, investigations or inspections from governmental units concerning compliance with environmental laws; or (ii) routine reports and submissions concerning permitted discharges resulting from routine operations where such reports and submissions were made in compliance with regulatory requirements, such as monthly discharge monitoring reports.

(h)     **Statements, Part 13, Question 26 – Books, Records, and Financial Statements**. The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing, as the Debtors are not required public filers. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in their Responses to Statement, Part 13, Question 26.

(i)     **Statements, Part 13, Question 27 – Inventories**. The Debtors' policy concerning the counts of parts and supplies inventory does not include periodic counts of the entire inventory. Instead, cycle counts of portions of inventory are continuously taken. Thus, information concerning parts and supplies inventory counts are not included in the response to SOFAs Part 13, Question 27. Furthermore, the Debtors have only responded to SOFAs Part 13, Question 27 to the extent that the Debtors handle directly, and does not refer to inventory that may be under the control of non-Debtor third parties.

(j)     **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders**. The Debtors also incorporate by reference the *List of Equity Security Holders* filed as part of their Voluntary Petitions.

(k)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**. Distributions by the Debtors to their directors and officers are listed on the attachment to Question 4. Certain directors and executive officers of the Debtors are also directors and executive officers of certain of the Debtors' affiliates. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under Question 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

\*       \*       \*       \*       \*

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor | Apex Energy, Inc. |
| United States Bankruptcy Court for the: | Eastern District of Kentucky |
| Case number (if known) | 19-51210 |

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

04/19

<table>
<tr><td><strong>Part 1:</strong></td><td><strong>Summary of Assets</strong></td></tr>
</table>

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   $10,000.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   $452,912,978.51

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   $452,922,978.51

<table>
<tr><td><strong>Part 2:</strong></td><td><strong>Summary of Liabilities</strong></td></tr>
</table>

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

   $126,929,126.01

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

   UNKNOWN

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . .

   **+** $450,941,967.32

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

   $577,871,093.33

| Fill in this information to identify the case: |
| --- |
| Debtor   Apex Energy, Inc. |
| United States Bankruptcy Court for the:   Eastern District of Kentucky |
| Case number   19-51210<br>(if known) |

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

04/19

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   CASH AND CASH EQUIVALENTS

1. **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | | | | Current value of debtor's interest |
| --- | --- | --- | --- | --- |

2. **CASH ON HAND**

   NONE

3. **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
   *(IDENTIFY ALL)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | COMMUNITY TRUST BANK | GENERAL CHECKING | 7254 | $794.17 |
| 3.2. | COMMUNITY TRUST BANK | PAYROLL | 7262 | $10,037.69 |

4. **OTHER CASH EQUIVALENTS**

   NONE

5. **Total of Part 1.**
   ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.

   | $10,831.86 |
   | --- |

## Part 2:   DEPOSITS AND PREPAYMENTS

6. **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

   Current value of debtor's interest

7. **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**
   DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

8. **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

Debtor   Case 19-51210-grs   Doc 20   Filed 08/01/19   Entered 08/01/19 20:47:17   Desc Main
Document   Page 19 of 64
(Name)

|  | Current value of debtor's interest |
|---|---|

**8. PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

**9 Total of Part 2.**
ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81.

| NOT APPLICABLE |
|---|

---

**Part 3:  ACCOUNTS RECEIVABLE**

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**
- ☐ No. Go to Part 4.
- ☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11. ACCOUNTS RECEIVABLE**

90 DAYS OR LESS   $1,000.00 (face amount) − (doubtful or uncollectable accounts) = →   $1,000.00

**12 Total of Part 3.**
CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82.

| $1,000.00 |
|---|

---

**Part 4:  INVESTMENTS**

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**
- ☐ No. Go to Part 5.
- ☑ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:
**NONE**

**15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

| Name of entity | % of ownership |  |
|---|---|---|
| 15.1. CAPITAL STOCK | % | UNDETERMINED |

**16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:
**NONE**

**17 Total of Part 4.**
ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83.

| UNKNOWN |
|---|

---

**Part 5:  INVENTORY, EXCLUDING AGRICULTURE ASSETS**

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**
- ☐ No. Go to Part 6.
- ☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

Debtor _____ (Name)

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.** RAW MATERIALS | | | | |
| NONE | | | | |
| **20.** WORK IN PROGRESS | | | | |
| NONE | | | | |
| **21.** FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE | | | | |
| NONE | | | | |
| **22.** OTHER INVENTORY OR SUPPLIES | | | | |
| 22.1. WAREHOUSE SUPPLIES | | $36,927.20 | BOOK | $36,927.20 |

**23 Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84.    $36,927.20

**24. Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____   Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 6:**   **FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

**27. DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28.** CROPS—EITHER PLANTED OR HARVESTED | | | |
| **29.** FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30.** FARM MACHINERY AND EQUIPMENT (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31.** FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED | | | |
| **32.** OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6 | | | |

**33 Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.    NOT APPLICABLE

**34. Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
     ☐ No
     ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 7:** | **OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES** |
| --- | --- |

**38.  DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**

☐  No. Go to Part 8.
☑  Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **39.  OFFICE FURNITURE** | | | |
| NONE | | | |
| **40.  OFFICE FIXTURES** | | | |
| NONE | | | |
| **41.  OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 41.1.   OFFICE EQUIPMENT - SEE ATTACHED EXHIBIT | $0.00 | BOOK | $0.00 |
| **42.  COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** | | | |
| NONE | | | |

**43  Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

| $0.00 |
| --- |

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
☐  No
☑  Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑  No
☐  Yes

| **Part 8:** | **MACHINERY, EQUIPMENT, AND VEHICLES** |
| --- | --- |

**46.  DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**

☐  No. Go to Part 9.
☑  Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **47.  AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| NONE | | | |
| **48.  WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** | | | |
| NONE | | | |
| **49.  AIRCRAFT AND ACCESSORIES** | | | |
| NONE | | | |
| **50.  OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |
| 50.1.   OTHER MACHINERY, FIXTURES & EQUIPMENT - SEE ATTACHED EXHIBIT | $19,205.10 | BOOK | $19,205.10 |

**51  Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

| $19,205.10 |
| --- |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
   ☐ No
   ☑ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
   ☑ No
   ☐ Yes

## Part 9:   REAL PROPERTY

54. **DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
   ☐ No. Go to Part 10.
   ☑ Yes. Fill in the information below.

55. **ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.   LAND / SURFACE PARCEL - ORIGINAL ACQUISITION | | $10,000.00 | BOOK | $10,000.00 |

| 56 | **Total of Part 9.** ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88. | $10,000.00 |
|---|---|---|

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
   ☑ No
   ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
   ☑ No
   ☐ Yes

## Part 10:   INTANGIBLES AND INTELLECTUAL PROPERTY

59. **DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
   ☑ No. Go to Part 11.
   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| 61. **INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| 62. **LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| 63. **CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| 64. **OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| 65. **GOODWILL** | | | |

| 66 | **Total of Part 10.** ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89. | NOT APPLICABLE |
|---|---|---|

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
   ☑ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
   ☑ No
   ☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☒ No
- ☐ Yes

| Part 11: | ALL OTHER ASSETS |
|---|---|

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
- ☐ No. Go to Part 12.
- ☒ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71. NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)

NONE

**72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)

NONE

**73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

| | |
|---|---:|
| CERTAIN UNDERWRITERS AT LLOYD'S - POLLUTION LEGAL LIABILITY, PGIARK06582-02 | UNKNOWN |
| GREAT MIDWEST INSURANCE CO. - AUTO, CA00059215-05 | UNKNOWN |
| GREAT MIDWEST INSURANCE CO. - AUTO, CA00189634-01 | UNKNOWN |
| GREAT MIDWEST INSURANCE CO. - COMMERCIAL GENERAL, GL00055215-05 | UNKNOWN |
| GREAT MIDWEST INSURANCE CO. - EQUIPMENT, IM00056902-05 | UNKNOWN |
| GREAT MIDWEST INSURANCE CO. - PROPERTY, CP00056910-05 | UNKNOWN |
| GREAT MIDWEST INSURANCE CO. - UMBRELLA, CX00055300-05 | UNKNOWN |
| KENTUCKY EMPLOYERS MUTUAL INSURANCE - WORKERS' COMPENSATION, 412832 | UNKNOWN |
| L.M. INSURANCE CORP. - WORKERS' COMPENSATION, C-39S-354220-018 | UNKNOWN |
| LLOYDS OF LONDON - EQUIPMENT , CP1800047 | UNKNOWN |

**74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

NONE

**75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

NONE

**76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

NONE

**77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

| | |
|---|---:|
| INTERCOMPANY RECEIVABLES (DUE FROM C.W. AUGERING, INC.) | $152,653.72 |
| INTERCOMPANY RECEIVABLES (DUE FROM CAMBRIAN COAL LLC) | $404,448,762.33 |
| INTERCOMPANY RECEIVABLES (DUE FROM CLINTWOOD ELKHORN MINING LLC) | $28,559,267.40 |
| INTERCOMPANY RECEIVABLES (DUE FROM MARSHALL RESOURCES, INC.) | $1,407,156.20 |
| INTERCOMPANY RECEIVABLES (DUE FROM PERRY COUNTY COAL LLC) | $2,515,529.10 |
| INTERCOMPANY RECEIVABLES (DUE FROM PIKE-LETCHER LAND LLC) | $17,000.00 |
| INTERCOMPANY RECEIVABLES (DUE FROM PREMIER ELKHORN COAL LLC) | $12,139,693.85 |
| INTERCOMPANY RECEIVABLES (DUE FROM S.T. & T. LEASING, INC.) | $3,604,951.75 |

**78 Total of Part 11.**
ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.

| $452,845,014.35 |
|---|

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
- ☒ No
- ☐ Yes

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $10,831.86 | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | $1,000.00 | |
| **83. Investments.** *Copy line 17, Part 4.* | UNKNOWN | |
| **84. Inventory.** *Copy line 23, Part 5.* | $36,927.20 | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $19,205.10 | |
| **88. Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➜ | | $10,000.00 |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| **90. All other assets.** *Copy line 78, Part 11.* | + $452,845,014.35 | |
| **91. Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $452,912,978.51 | + 91b  $10,000.00 |
| **92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $452,922,978.51 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor    Apex Energy, Inc.

United States Bankruptcy Court for the:    Eastern District of Kentucky

Case number    19-51210
(if known)

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

04/19

**Be as complete and accurate as possible.**

1. **1. Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

| Part 1: | List All Creditors with Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Column A<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | Column B<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- | --- |
| 2.1 | **Creditor's name**<br>COMMUNITY TRUST BANK, INC.<br><br>**Creditor's mailing address**<br>346 NORTH MAYO TRAIL<br>PO BOX 2947<br>PIKEVILLE, KY  41502-2947<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>1/11/2012<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br><br>**Describe the lien**<br>UCC LIEN - 2012255776633<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | | UNKNOWN | UNKNOWN |
| 2.2 | **Creditor's name**<br>DEUTSCHE BANK AG NEW YORK BRANCH<br><br>**Creditor's mailing address**<br>AS ADMINISTRATION AGENT, COLLATERAL AGENT<br>60 WALL STREET<br>NEW YORK, NY  10005<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br><br>**Describe the lien**<br>ABL CREDIT/GUARANTY AGREEMENT<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | $3,349,271.53 | UNKNOWN |

| Part 1: | Additional Page |
| --- | --- |

|  |  |  | Column A | Column B |
| --- | --- | --- | --- | --- |
|  |  |  | **Amount of claim** | **Value of collateral that supports this claim** |
|  |  |  | *Do not deduct the value of collateral.* | |

| 2.3 | **Creditor's name** | **Describe debtor's property that is subject to a lien** | UNKNOWN | UNKNOWN |
| --- | --- | --- | --- | --- |

**Creditor's name**
DEUTSCHE BANK AG NEW YORK BRANCH

**Describe debtor's property that is subject to a lien**

**Creditor's mailing address**
AS COLLATERAL AGENT
60 WALL STREET
NEW YORK, NY  10005

**Describe the lien**
UCC LIEN - 2015278994572

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Creditor's email address**

**Date or dates debt was incurred**

**Is anyone else liable on this claim?**
☒ No
☐ Yes

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes

☒ Contingent
☒ Unliquidated
☒ Disputed

---

2.4

**Creditor's name**
DEUTSCHE BANK TRUST COMPANY AMERICAS

**Describe debtor's property that is subject to a lien**

$77,881,491.61     UNKNOWN

**Creditor's mailing address**
AS ADMINISTRATION AGENT, COLLATERAL AGENT
60 WALL STREET
NEW YORK, NY  10005

**Describe the lien**
TERM LOAN CREDIT AGREEMENT

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Creditor's email address**

**Date or dates debt was incurred**
VARIOUS

**Is anyone else liable on this claim?**
☐ No
☒ Yes

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

---

2.5

**Creditor's name**
DEUTSCHE BANK TRUST COMPANY AMERICAS

**Describe debtor's property that is subject to a lien**

UNKNOWN     UNKNOWN

**Creditor's mailing address**
AS COLLATERAL AGENT
60 WALL STREET
NEW YORK, NY  10005

**Describe the lien**
UCC LIEN - 2015278994794

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Creditor's email address**

**Date or dates debt was incurred**

**Is anyone else liable on this claim?**
☒ No
☐ Yes

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes

☒ Contingent
☒ Unliquidated
☒ Disputed

| Part 1: | Additional Page |
| --- | --- |

|  |  | Column A | Column B |
| --- | --- | --- | --- |
|  |  | **Amount of claim** *Do not deduct the value of collateral.* | **Value of collateral that supports this claim** |

| 2.6 | **Creditor's name** <br> RICHMOND HILL CAPITAL PARTNERS, LP <br><br> **Creditor's mailing address** <br> (AS LENDER AND ADMINISTRATIVE AGENT) <br> ATTN: RYAN TAYLOR <br> 375 HUDSON STREET, 12TH FLOOR <br> NEW YORK, NY 10014 <br><br> **Creditor's email address** <br><br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number:** <br><br> **Do multiple creditors have an interest in the same property?** <br> ☒ No <br> ☐ Yes | **Describe debtor's property that is subject to a lien** <br><br> **Describe the lien** <br> PRE-PETITION ABL CREDIT AGREEMENT <br><br> **Is the creditor an insider or related party?** <br> ☒ No <br> ☐ Yes <br><br> **Is anyone else liable on this claim?** <br> ☐ No <br> ☒ Yes <br><br> **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | $45,698,362.87 | UNKNOWN |

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $126,929,126.01 |
| --- | --- | --- |

| Fill in this information to identify the case: | |
|---|---|
| Debtor | Apex Energy, Inc. |
| United States Bankruptcy Court for the: | Eastern District of Kentucky |
| Case number (if known) | 19-51210 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    04/19

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:   List All Creditors with PRIORITY Unsecured Claims

**1.   Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☐ No. Go to Part 2.
☑ Yes. Go to line 2.

**2.**   List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address** <br> BUCHANAN COUNTY COMMISSIONER <br> 1012 WALNUT ST <br> GRUNDY, VA  24614 <br><br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number:** <br><br> **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☑ Contingent <br> ☑ Unliquidated <br> ☑ Disputed <br><br> **Basis for the claim:** <br> TAX CLAIM <br><br> **Is the claim subject to offset?** <br> ☑ No <br> ☐ Yes | | UNKNOWN | UNKNOWN |
| 2.2 | **Priority creditor's name and mailing address** <br> BUREAU OF LABOR STATISTICS <br> 2 MASSACHUSETTS AVE, NE <br> WASHINGTON, DC  20212 <br><br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number:** <br><br> **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☑ Contingent <br> ☑ Unliquidated <br> ☑ Disputed <br><br> **Basis for the claim:** <br> TAX CLAIM <br><br> **Is the claim subject to offset?** <br> ☑ No <br> ☐ Yes | | UNKNOWN | UNKNOWN |
| 2.3 | **Priority creditor's name and mailing address** <br> CITY OF CORBIN <br> 805 S MAIN ST <br> CORBIN, KY  40701 <br><br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number:** <br><br> **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☑ Contingent <br> ☑ Unliquidated <br> ☑ Disputed <br><br> **Basis for the claim:** <br> TAX CLAIM <br><br> **Is the claim subject to offset?** <br> ☑ No <br> ☐ Yes | | UNKNOWN | UNKNOWN |

Debtor _____
(Name)

| Part 1: | Additional Page |
|---------|-----------------|

|  |  |  | Total claim | Priority amount |
|---|---|---|---|---|

**2.4** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN

CITY OF ELKHORN CITY
395 PATTY LOVELESS DR.
ELKHORN CITY, KY 41522-7870

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.5** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN

DEPARTMENT FOR NATURAL RESOURCES (DNR)
DIV OF MINE RECLAMATION & ENFORC (DMRE)
300 SOWER BLVD
FRANKFORT, KY 40601

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.6** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN

DEPARTMENT FOR NATURAL RESOURCES (DNR)
DIVISION OF MINE PERMITS (DMP)
300 SOWER BLVD
FRANKFORT, KY 40601

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.7** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN

DEPARTMENT FOR NATURAL RESOURCES (DNR)
DIVISION OF MINE SAFETY (DMS)
300 SOWER BLVD
FRANKFORT, KY 40601

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**2.8** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN

DEPARTMENT FOR NATURAL RESOURCES (DNR)
OFFICE OF THE KY RECLAM. GUARANTY FUND
300 SOWER BLVD
FRANKFORT, KY 40601

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

| **Part 1:** | **Additional Page** | | | |
|---|---|---|---|---|
| | | | Total claim | Priority amount |
| 2.9 | **Priority creditor's name and mailing address**<br>DEPT FOR ENVIOR. PROTECTION, DIV OF ENFOR.<br>300 SOWER BLVD, 2N FLOOR<br>FRANKFORT, KY 40601<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.10 | **Priority creditor's name and mailing address**<br>DEPT FOR ENVIRONMENTAL PROTECTION (DEP)<br>DIVISION OF AIR QUALITY (DAQ)<br>300 SOWER BLVD, 2ND FLOOR<br>FRANKFORT, KY 40601<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.11 | **Priority creditor's name and mailing address**<br>DEPT FOR ENVIRONMENTAL PROTECTION (DEP)<br>DIVISION OF WATER (DOW)<br>300 SOWER BLVD, 2ND FLOOR<br>FRANKFORT, KY 40601<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.12 | **Priority creditor's name and mailing address**<br>DEPT OF ENVIRONMENTAL QUALITY, AIR DIV.<br>1111 E MAIN ST<br>RICHMOND, VA 23219<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.13 | **Priority creditor's name and mailing address**<br>DEPT OF HEALTH, RADIOLOGICAL HEALTH PRGM<br>109 GOVERNOR ST<br>7TH FLOOR<br>RICHMOND, VA 23219<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |

Debtor _____
(Name)

| **Part 1:** | **Additional Page** |
|---|---|

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.14 | **Priority creditor's name and mailing address**<br>DEPT OF LABOR, DIV OF COAL MINE<br>OFFICE OF WORKERS' COMP. PROGRAMS,<br>200 CONSTITUTION AVE, RM C 3520<br>WASHINGTON, DC 20210<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY**<br>**unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.15 | **Priority creditor's name and mailing address**<br>DEPT OF MINES, MINERALS AND ENERGY<br>DIVISION OF MINES<br>3405 MOUNTAIN EMPIRE RD<br>BIG STONE GAP, VA 24219<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY**<br>**unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.16 | **Priority creditor's name and mailing address**<br>DEPT OF REVENUE, LABOR CABINET<br>DEPT OF WORKER'S CLAIMS<br>657 CHAMBERLINE AVE<br>FRANKFORT, KY 40621<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY**<br>**unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.17 | **Priority creditor's name and mailing address**<br>ENVIRONMENTAL PROTECTION AGENCY<br>(EPA)<br>1200 PENNSYLVANIA AVE NW<br>WASHINGTON, DC 20004<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY**<br>**unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.18 | **Priority creditor's name and mailing address**<br>FAYETTE COUNTY PUBLIC SCHOOLS<br>(OCCUPATIONAL TAX)<br>P.O. BOX 55570<br>LEXINGTON, KY 55570<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY**<br>**unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>TAX CLAIM<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| Part 1: | Additional Page | | | |
|---|---|---|---|---|
| | | | Total claim | Priority amount |

**2.19**    **Priority creditor's name and mailing address**

HAZARD COUNTY OCCUPATIONAL TAX OFFICE
700 MAIN ST
HAZARD, KY 41701

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

---

**2.20**    **Priority creditor's name and mailing address**

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATION
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

---

**2.21**    **Priority creditor's name and mailing address**

JOHNSON COUNTY FISCAL COURT (OCCUPATIONAL TAX)
230 COURT ST, #201
PAINTSVILLE, KY 41240

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

---

**2.22**    **Priority creditor's name and mailing address**

JOHNSON COUNTY SHERIFF'S OFFICE (PROPERTY TAX)
339 MAIN ST
PAINTSVILLE, KY 41240

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

---

**2.23**    **Priority creditor's name and mailing address**

KENTUCKY DEPARTMENT OF REVENUE
501 HIGH STREET
FRANKFORT, KY 40601

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
TAX CLAIM

**Is the claim subject to offset?**
☒ No
☐ Yes

Total claim: UNKNOWN    Priority amount: UNKNOWN

(Name)

| Part 1: | Additional Page | | | | |
|---|---|---|---|---|---|
| | | | | Total claim | Priority amount |

| 2.24 | **Priority creditor's name and mailing address**<br>KENTUCKY DEPARTMENT OF REVENUE<br>LABOR CABINET (OCCUPATIONAL TAX)<br>657 CHAMBERLINE AVE<br>FRANKFORT, KY 40601 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | **Date or dates debt was incurred** | **Basis for the claim:**<br>TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

| 2.25 | **Priority creditor's name and mailing address**<br>KENTUCKY DEPARTMENT OF REVENUE<br>LEGAL BRANCH - BANKRUPTCY SECTION<br>P.O. BOX 5222<br>FRANKFORT, KY 40602 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | **Date or dates debt was incurred** | **Basis for the claim:**<br>TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

| 2.26 | **Priority creditor's name and mailing address**<br>KNOTT COUNTY OCCUPATIONAL TAX OFFICE<br>401 COURT SQUARE, STE 6<br>BARBOURVILLE, KY 40906 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | **Date or dates debt was incurred** | **Basis for the claim:**<br>TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

| 2.27 | **Priority creditor's name and mailing address**<br>LESLIE COUNTY CLERK<br>22010 MAIN ST.<br>HYDEN, KY 41749 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | **Date or dates debt was incurred** | **Basis for the claim:**<br>TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

| 2.28 | **Priority creditor's name and mailing address**<br>LEXINGTON FAYETTE URBAN COUNTY GOV'T<br>(OCCUPATIONAL TAX)<br>200 E. MAIN ST.<br>LEXINGTON, KY 40507 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | **Date or dates debt was incurred** | **Basis for the claim:**<br>TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

Debtor _____
        (Name)

| Part 1: | Additional Page |

| | | Total claim | Priority amount |
|---|---|---|---|

**2.29** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN
Check all that apply.

MARTIN COUNTY FISCAL COURT
(OCCUPATIONAL TAX)
32 MAIN ST
INEZ, KY  41224

☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TAX CLAIM

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

---

**2.30** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN
Check all that apply.

MINES SAFETY AND HEALTH
ADMINISTRATION
201 12TH STREET S
ARLINGTON, VA  22202

☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TAX CLAIM

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

---

**2.31** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN
Check all that apply.

NUCLEAR REGULATORY COMMISSION (NRC)
11555 ROCKVILLE PIKE
ROCKVILLE, MD  20852

☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TAX CLAIM

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

---

**2.32** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN
Check all that apply.

OFFICE OF THE U.S. TRUSTEE
100 EAST VINE STREET
LEXINGTON, KY  40507

☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TAX CLAIM

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

---

**2.33** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN
Check all that apply.

PERRY COUNTY OCCUPATIONAL TAX
OFFICE
481 MAIN ST
STE 275
HAZARD, KY  41701

☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TAX CLAIM

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

| Part 1: | Additional Page | | | |
|---|---|---|---|---|

| | | | Total claim | Priority amount |
|---|---|---|---|---|

| 2.34 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | PIKE COUNTY CLERK OCCUPATIONAL TAX OFF. 243 MAIN ST PIKEVILLE, KY 41501 | ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | **Basis for the claim:** TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

| 2.35 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | UNITED STATES ARMY CORPS OF ENGINEERS 441 G STREET WASHINGTON, DC 20314-1000 | ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | **Basis for the claim:** TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

| 2.36 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | US DEPARTMENT OF TREASURY 1500 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20220 | ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | **Basis for the claim:** TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

| 2.37 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | US DEPT OF INTERIOR OFFICE OF SURFACING MINING 1849 C STREET NW WASHINGTON, DC 20240 | ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | **Basis for the claim:** TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

| 2.38 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | VA DEPARTMENT OF TAXATION 1957 WESTMORELAND STREET P.O. BOX 115 RICHMOND, VA 23230 | ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | **Basis for the claim:** TAX CLAIM | | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | | | |

Debtor _____
    (Name)

| Part 1: | Additional Page |
| --- | --- |

|  |  |  | Total claim | Priority amount |
| --- | --- | --- | --- | --- |

**2.39** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN

VA DEPARTMENT OF TAXATION
600 E. MAIN ST
#1100
RICHMOND, VA 23219

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TAX CLAIM

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

---

**2.40** | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN

WEST VIRGINIA DEPARTMENT OF REVENUE
STATE CAPITOL
BUILDING 1, W-300
CHARLESTON, WV 25305

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TAX CLAIM

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

**3.** List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
| --- | --- | --- |

**3.1** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN

BERKELEY ENERGY CORPORATION
164 MAIN STREET, SUITE 200
PIKEVILLE, KY 41501

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
LITIGATION

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.2** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $2,279.56

BRANDEIS MACHINERY & SUPPLY COMPANY
DEPARMENT 8013
CAROL STREAM, IL 60122-8013

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
TRADE VENDOR

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.3** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $409,882.97

C.W. AUGERING, INC.
15888 FERRELLS CREEK ROAD
BELCHER, KY 41513

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**
INTERCOMPANY PAYABLES

**Last 4 digits of account number:** 4100

**Is the claim subject to offset?**
☑ No
☐ Yes

| **Part 2:** | Additional Page | |
|---|---|---|

| | | Amount of claim |
|---|---|---|

| 3.4 | **Nonpriority creditor's name and mailing address**<br><br>CAMBRIAN COAL LLC<br>15888 FERRELLS CREEK ROAD<br>BELCHER, KY 41513<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** 0700 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>INTERCOMPANY PAYABLES<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $59,000.00 |
| 3.5 | **Nonpriority creditor's name and mailing address**<br><br>CLINTWOOD ELKHORN MINING LLC<br>15888 FERRELLS CREEK ROAD<br>BELCHER, KY 41513<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** 1900 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>INTERCOMPANY PAYABLES<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $911,539.93 |
| 3.6 | **Nonpriority creditor's name and mailing address**<br><br>CORBIN MINING LLC<br>PO BOX 2303<br>PIKEVILLE, KY 41502<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>LITIGATION<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN |
| 3.7 | **Nonpriority creditor's name and mailing address**<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS COLLATERAL AGENT<br>60 WALL STREET<br>NEW YORK, NY 10005<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>LITIGATION<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN |
| 3.8 | **Nonpriority creditor's name and mailing address**<br><br>INTERNAL REVENUE SERVICE<br>1111 CONSTITUTION AVE NW<br>WASHINGTON, DC 20224-0001<br><br>**Date or dates debt was incurred**<br>VARIOUS<br><br>**Last 4 digits of account number:** 0300 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>UNPAID PAYROLL TAX WITHHOLDINGS<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $387,046.82 |

| **Part 2:** | Additional Page | |
|---|---|---|

| | | Amount of claim |
|---|---|---|

**3.9**   **Nonpriority creditor's name and mailing address**

J & J EXTREME STEAM & PRESSURE CLEAN
P.O. BOX 204
MOUTHCARD, KY 41548

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE VENDOR

**Is the claim subject to offset?**
☒ No
☐ Yes

$7,020.00

---

**3.10**   **Nonpriority creditor's name and mailing address**

KENTUCKY STATE TREASURER
DEPT OF REVENUE SALES TAX
PO BOX 5110
FRANKFORT, KY 40619

**Date or dates debt was incurred**
VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
UNPAID PAYROLL TAX WITHHOLDINGS

**Is the claim subject to offset?**
☒ No
☐ Yes

$136,218.65

---

**3.11**   **Nonpriority creditor's name and mailing address**

MARSHALL RESOURCES, INC.
15888 FERRELLS CREEK ROAD
BELCHER, KY 41513

**Date or dates debt was incurred**

**Last 4 digits of account number:** 2300

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
INTERCOMPANY PAYABLES

**Is the claim subject to offset?**
☒ No
☐ Yes

$448,628,694.22

---

**3.12**   **Nonpriority creditor's name and mailing address**

O E M RETROFIT, INC.
P.O. BOX 3787
PIKEVILLE, KY 41502

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE VENDOR

**Is the claim subject to offset?**
☒ No
☐ Yes

$6,995.00

---

**3.13**   **Nonpriority creditor's name and mailing address**

PERRY COUNTY TIRE, INC.
P.O. BOX 660
HAZARD, KY 41702

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE VENDOR

**Is the claim subject to offset?**
☒ No
☐ Yes

$514.40

Debtor _____
        (Name)

| **Part 2:** | Additional Page | |
|---|---|---|

| | | Amount of claim |
|---|---|---|

| 3.14 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $26,215.11 |

**Nonpriority creditor's name and mailing address**
PIKE COUNTY OCCUPATIONAL TAX OFFICE
243 MAIN ST
PIKEVILLE, KY  41501

**Date or dates debt was incurred**

**Last 4 digits of account number:** 0401

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
UNPAID PAYROLL TAX WITHHOLDINGS

**Is the claim subject to offset?**
☒ No
☐ Yes

$26,215.11

---

3.15 **Nonpriority creditor's name and mailing address**
PREMIER ELKHORN COAL LLC
15888 FERRELLS CREEK ROAD
BELCHER, KY  41513

**Date or dates debt was incurred**

**Last 4 digits of account number:** 2000

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
INTERCOMPANY PAYABLES

**Is the claim subject to offset?**
☒ No
☐ Yes

$255,414.47

---

3.16 **Nonpriority creditor's name and mailing address**
PREMIER ELKHORN COAL LLC
200 ALLISON BLVD
CORBIN, KY  40701

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE VENDOR

**Is the claim subject to offset?**
☒ No
☐ Yes

$3,190.31

---

3.17 **Nonpriority creditor's name and mailing address**
RABBI TRUST

**Date or dates debt was incurred**

**Last 4 digits of account number:** 2905

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
CONTRIBUTION LIABILITY

**Is the claim subject to offset?**
☒ No
☐ Yes

$34,821.01

---

3.18 **Nonpriority creditor's name and mailing address**
RANGER CONTRACTING
436 BRAD ROAD
SALYERSVILLE, KY  41465

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE VENDOR

**Is the claim subject to offset?**
☒ No
☐ Yes

$18,930.00

| **Part 2:** | Additional Page | | Amount of claim |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 3.19 | **Nonpriority creditor's name and mailing address**<br><br>REGINA MULLENS<br>INDIVIDUALLY AND AS ADMINISTRATIX<br>OF THE ESTATE OF ROY MULLINS JR<br>48 MOUTAIN LAUREL ROAD<br>MOUTHCARD, KY 41548<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>LITIGATION<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN |
| 3.20 | **Nonpriority creditor's name and mailing address**<br><br>SIDWELL CONSULTING COMPANY<br>P O BOX 1615<br>HAZARD, KY 41702<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE VENDOR<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $22,442.35 |
| 3.21 | **Nonpriority creditor's name and mailing address**<br><br>T.C. LEASING, INC.<br>15888 FERRELLS CREEK ROAD<br>BELCHER, KY 41513<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:** 4500 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>INTERCOMPANY PAYABLES<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $4,787.97 |
| 3.22 | **Nonpriority creditor's name and mailing address**<br><br>VIRGINIA DEPARTMENT OF TAXATION<br>WH TAX<br>PO BOX 27264<br>RICHMOND, VA 23261-7264<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>UNPAID PAYROLL TAX WITHHOLDINGS<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $24,516.53 |
| 3.23 | **Nonpriority creditor's name and mailing address**<br><br>WEST VIRGINIA DEPARTMENT OF REVENUE<br>STATE CAPITOL<br>BUILDING 1, W-300<br>CHARLESTON, WV 25305<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>UNPAID PAYROLL TAX WITHHOLDINGS<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $2,458.02 |

Debtor _____
       (Name)

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.   Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| **5a.** | Total claims from Part 1 | **5a.** UNKNOWN |
| **5b.** | Total claims from Part 2 | **5b.** + $450,941,967.32 |
| **5c.** | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **5c.** $450,941,967.32 |

**Fill in this information to identify the case:**

Debtor     Apex Energy, Inc.

United States Bankruptcy Court for the:  Eastern District of Kentucky

Case number     19-51210
(if known)

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

04/19

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor | Apex Energy, Inc. |
| United States Bankruptcy Court for the: | Eastern District of Kentucky |
| Case number (if known) | 19-51210 |

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors                                    4/19

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1.    Does the debtor have any codebtors?**

☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes.

**2.    In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| 2.1  BEAR BRANCH COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.2  BEAR BRANCH COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.3  BEAR BRANCH COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D<br>☐ E/F<br>☐ G |
| 2.4  C.W. AUGERING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.5  C.W. AUGERING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.6  C.W. AUGERING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D<br>☐ E/F<br>☐ G |
| 2.7  CAMBRIAN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.8  CAMBRIAN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.9  CAMBRIAN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D<br>☐ E/F<br>☐ G |
| 2.10  CAMBRIAN HOLDING COMPANY, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY  41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D<br>☐ E/F<br>☐ G |

**Additional Page if Debtor Has More Codebtors**

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.11 CAMBRIAN HOLDING COMPANY, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.12 CAMBRIAN HOLDING COMPANY, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.13 CLINTWOOD ELKHORN MINING LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.14 CLINTWOOD ELKHORN MINING LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.15 CLINTWOOD ELKHORN MINING LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.16 GATLIFF COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.17 GATLIFF COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.18 GATLIFF COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.19 MARSHALL RESOURCES, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.20 MARSHALL RESOURCES, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.21 MARSHALL RESOURCES, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.22 PERRY COUNTY COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.23 PERRY COUNTY COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.24 PERRY COUNTY COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.25 PIKE-LETCHER LAND LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.26 | PIKE-LETCHER LAND LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.27 | PIKE-LETCHER LAND LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.28 | PLM HOLDING COMPANY LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.29 | PLM HOLDING COMPANY LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.30 | PLM HOLDING COMPANY LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.31 | PREMIER ELKHORN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.32 | PREMIER ELKHORN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.33 | PREMIER ELKHORN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.34 | RAVEN ROCK DEVELOPMENT LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.35 | RAVEN ROCK DEVELOPMENT LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.36 | RAVEN ROCK DEVELOPMENT LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.37 | RAY COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.38 | RAY COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.39 | RAY COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.40 | RICH MOUNTAIN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.41 | RICH MOUNTAIN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.42 | RICH MOUNTAIN COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.43 | S.T. & T. LEASING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.44 | S.T. & T. LEASING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.45 | S.T. & T. LEASING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.46 | SHELBY RESOURCES, LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.47 | SHELBY RESOURCES, LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.48 | SHELBY RESOURCES, LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.49 | T.C. LEASING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.50 | T.C. LEASING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.51 | T.C. LEASING, INC. | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |
| 2.52 | WHITAKER COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK AG NEW YORK BRANCH, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.53 | WHITAKER COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS ADMINISTRATION AGENT, COLLATERAL AGENT | ☑ D ☐ E/F ☐ G |
| 2.54 | WHITAKER COAL LLC | 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | RICHMOND HILL CAPITAL PARTNERS, LP | ☑ D ☐ E/F ☐ G |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | Apex Energy, Inc. |
| United States Bankruptcy Court for the: | Eastern District of Kentucky |
| Case number (if known) | 19-51210 |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                    04/19

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  8/1/2019                    ✖ /s/ J. Mark Campbell
    MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                J. Mark Campbell
                                Printed name

                                President
                                Position or relationship to debtor

| Debtor | Apex Energy, Inc. | Case Number *(if known)* | 19-51210 |
|---|---|---|---|
| | Name | | |

---

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Deutsche Bank AG New York Branch<br>c/o Bingham Greenbaum Doll LLP<br>Attn: April A. Wimberg, Esq<br>101 South Fifth Street | Line 2.2 | |
| Richmond Hill Capital Partners, LP<br>c/o Chapman and Cutler LLP<br>Larry G. Halperin & Laura E. Appleby<br>1270 Avenue of the Americas, 30th Fl | Line 2.6 | |
| Richmond Hill Capital Partners, LP<br>c/o Stites & Harbison PLLC<br>Attn: Elizabeth L. Thompson, Esq<br>250 West Main Street, Suite 2300 | Line 2.6 | |

| Debtor | Apex Energy, Inc. | Case Number *(if known)* | 19-51210 |
| | Name | | |

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 Berkeley Energy Corporation<br>c/o James P. Pruitt, Jr.<br>PO Box 339<br>Pikeville, KY  41502--339 | Line  3.1<br><br>☐ Not Listed. Explain | 1417 |
| 4.2 Corbin Mining LLC<br>c/o The Getty Group<br>Attn Danielle Brown<br>250 West Main Street, Suite 1900<br>Lexington, KY  40507 | Line  3.6<br><br>☐ Not Listed. Explain | |
| 4.3 Deutsche Bank Trust Company Americas<br>c/o Bingham Greenebaum Doll LLP<br>Attn April Wimberg<br>3500 PNC Tower 101 South Fifth Street<br>Louisville, KY  40202 | Line  3.7<br><br>☐ Not Listed. Explain | 0004 |
| 4.4 Regina Mullens, individually and as Administratix<br>of the Estate of Roy Mullings Jr c/o<br>Kevin P Keene Esq<br>PO Box 3850<br>Pikeville, KY  41502 | Line  3.19<br><br>☐ Not Listed. Explain | -504 |

**Apex Energy, Inc.**
**Case Number 19-51210**
Schedule A/B Part 7, Question #41 Office Equipment, Including all Computer Equipment and Communication Systems Equipment and Software

| Description | Net Book Value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Telephone System | $ - | BOOK | $ - |
| Security Camera System | $ - | BOOK | $ - |
| Dell Latitude 2.0 Ghz Laptop | $ - | BOOK | $ - |
| Software / Coal Software Sys | $ - | BOOK | $ - |
| **TOTAL** | **$0.00** | | **$0.00** |

**Apex Energy, Inc.**
**Case Number 19-51210**
**Schedule A/B Part 7, Question #50 Other Machinery, Fixtures, and Equipment (Excluding Farm Machinery and Equipment)**

| Description | Net Book Value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| CAT 308D EXCAVATOR | $ 19,205.10 | BOOK | $ 19,205.10 |
| BRANDIES/LIGHT TOWER | $ - | BOOK | $ - |
| BRANDIE/LIGHT TOWER | $ - | BOOK | $ - |
| Ingersoll Rand Light Source | $ - | BOOK | $ - |
| Gorman Rupp Water Pump | $ - | BOOK | $ - |
| Gorman Rupp Water Pump | $ - | BOOK | $ - |
| Gorman Rupp 14C2-F3L 4" Pump | $ - | BOOK | $ - |
| PUMP/METER/TICKET | $ - | BOOK | $ - |
| Big Blue 500 D Deluxe Welder | $ - | BOOK | $ - |
| CAT Forklift | $ - | BOOK | $ - |
| 20,000 Gallon Tank | $ - | BOOK | $ - |
| 20,000 Gallon Fuel Tank | $ - | BOOK | $ - |
| 20,000 Gallon Fuel Tank | $ - | BOOK | $ - |
| 20,000 gallon containment wall | $ - | BOOK | $ - |
| S45D Genie Boom | $ - | BOOK | $ - |
| 2 Heil 4-Ton Heat Pumps | $ - | BOOK | $ - |
| D11R DOZER | $ - | BOOK | $ - |
| REBUILD D11R DOZER EQUIP# 642 | $ - | BOOK | $ - |
| REPLACE ENGINE EQUIP # 642 | $ - | BOOK | $ - |
| **TOTAL** | **$ 19,205.10** | | **$ 19,205.10** |

**Fill in this information to identify the case:**

Debtor   Apex Energy, Inc.

United States Bankruptcy Court for the:  Eastern District of Kentucky

Case number   19-51210
(if known)

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

---

### Part 1:   Income

1.  **Gross revenue from business**

    ☒ None

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
    from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☒ None

---

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days
    before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted
    on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None
       SEE ATTACHED EXHIBIT 3

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or
    guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than
    $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do
    not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives;
    general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of
    the debtor. 11 U.S.C. § 101(31).

    ☒ None

5.  **Repossessions, foreclosures, and returns**
    List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor,
    sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

    ☒ None

6.  **Setoffs**
    List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an
    account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the
    debtor owed a debt.

    ☒ None

---

### Part 3:   Legal Actions or Assignments

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
    List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was
    involved in any capacity-within 1 year before filing this case.

    ☐ None

---

Debtor   Apex Energy Inc.
         (Name)

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| BERKELEY ENERGY CORPORATION V. APEX ENERGY, INC., CLINTWOOD ELKHORN MINING LLCAND J. MARK CAMPBELL<br><br>**Case number**<br>18-CI-01417 | SUBLEASE COMPLAINT | PIKE CIRCUIT COURT DIVISION II | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| CORBIN MINING LLC V. APEX ENERGY, INC. AND CAMBRIAN COAL LLC<br><br>**Case number** | CONTRACT DISPUTE | PIKE CIRCUIT COURT DIVISION NO. | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| DEUTSCHE BANK TRUST COMPANY AMERICAS V. R &J DEVELOPMENT COMPANY, LLC, TRIPLE A RESOURCES, INC., APEX ENERGY, INC., ET AL<br><br>**Case number**<br>19-CI00004 | FORECLOSURE ACTION | LAWRENCE CIRCUIT COURT | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| REGINA MULLINS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ROY MULLINGS, JR. V. APEX ENERGY, INC.<br><br>**Case number**<br>16-CI-504 | ALLEGED NEGLIGENCE IN DEATH OF EMPLOYEE | PIKE CIRCUIT COURT DIVISION II | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☑ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ☑ None

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ☑ None

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☑ None

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.

Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

---

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

---

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

—   diagnosing or treating injury, deformity, or disease, or

—   providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

---

| Part 9: | Personal Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.    NAME, ADDRESS, DATE OF BIRTH, GENDER, SOCIAL SECURITY NUMBER, ETHNICITY

       Does the debtor have a privacy policy about that information?

       ☐ No

       ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No.   Go to Part 10.

☐ Yes.   Does the debtor serve as plan administrator?

       ☐ No.   Go to Part 10.

       ☑ Yes.   Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| EXECUTIVE DEFERRED COMPENSATION PLAN | 61-1373455 |

       Has the plan been terminated?

       ☐ No

       ☑ Yes

---

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

---

Debtor _____    Case number (if known)_____
        (Name)

---

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

---

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No
☑ Yes.  Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| BILL ALLEN BRANCH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 05/17/2017 |
| BILL ALLEN BRANCH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 08/28/2017 |
| BILL ALLEN BRANCH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 06/12/2018 |
| BILL ALLEN BRANCH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 08/27/2018 |
| BILL ALLEN BRANCH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 02/06/2019 |
| BILL ALLEN BRANCH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 03/22/2019 |
| CHISOLM SOUTH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 06/16/2017 |
| CHISOLM SOUTH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 06/21/2018 |
| CHISOLM SOUTH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY  40601 | | 10/25/2018 |

---

Debtor    Appalachian Fuels, LLC     Case number (if known) 19-51210-grs
(Name)

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| CHISOLM SOUTH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 03/22/2019 |
| COW FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 12/22/2016 |
| FIRST / SECOND FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 08/09/2018 |
| FIRST / SECOND FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 08/09/2018 |
| FIRST / SECOND FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 01/14/2019 |
| FIRST / SECOND FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 02/04/2019 |
| FIRST / SECOND FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 03/18/2019 |
| FIRST FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 10/27/2014 |
| FIRST FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 02/13/2018 |
| FIRST FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 08/17/2018 |
| GRASSY FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 09/24/2018 |
| GRASSY FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 01/10/2019 |
| HEAD OF LONG FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 08/23/2018 |
| HUNTS FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 12/13/2017 |
| HUNTS FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 08/17/2018 |
| LONG FORK OF JOHNS CR. | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 09/12/2018 |
| LONG FORK OF JOHNS CR. | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 01/01/2019 |

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| LONG FORK OF JOHNS CR. | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 01/01/2019 |
| LONG FORK OF JOHNS CR. | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 02/13/2019 |
| LONG FORK OF JOHNS CR. | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 02/20/2019 |
| MERRY BRANCH | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 09/12/2017 |
| MOTLEY | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 04/03/2017 |
| PINEY BRANCH | VIRGINIA DEPARTMENT OF MINES, MINERALS AND ENERGY 3405 MOUNTAIN EMPIRE RD BIG STONE GAP, VA 24219 | | 06/21/2018 |
| PINEY BRANCH | VIRGINIA DEPARTMENT OF MINES, MINERALS AND ENERGY 3405 MOUNTAIN EMPIRE RD BIG STONE GAP, VA 24219 | | 03/12/2019 |
| SECOND FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 06/12/2017 |
| SECOND FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 09/15/2017 |
| SECOND FORK | KENTUCKY DEPARTMENT FOR NATURAL RESOURCES 300 SOWER BLVD FRANKFORT, KY 40601 | | 06/07/2018 |

SEE GLOBAL NOTES FOR MORE INFORMATION

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☒ None

**26. Books, records, and financial statements**
   26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

   ☐ None

| Name and address | Dates of service | |
|---|---|---|
| JENNIFER HURT 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | From 9/21/2015 | To PRESENT |
| MARK TEAGUE 15888 FERRELLS CREEK ROAD BELCHER, KY 41513 | From 9/21/2015 | To PRESENT |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| DEAN DORTON ALLEN & FORD<br>106 W VINE ST<br>LEXINGTON, KY 40507 | From 2005 | To 2018 |
| G S GABBARD, CPA, PSC<br>3264 LOCHNESS DRIVE, SUITE 2<br>LEXINGTON, KY 40517 | From 2001 | To 2018 |
| HARRIS, AKERS & ASSOCIATES<br>1144 SOUTH MAYO TRAIL, SUITE 201<br>PIKEVILLE, KY 41501 | From 2000 | To PRESENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| JENNIFER HURT, CONTROLLER<br>15888 FERRELLS CREEK ROAD<br>BELCHER, KY 41513 | |
| MARK TEAGUE, CFO<br>15888 FERRELLS CREEK ROAD<br>BELCHER, KY 41513 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| CAMBRIAN COAL LLC | 15888 FERRELLS CREEK ROAD<br>BELCHER, KY 41513 | PARENT | 100% |
| J. MARK CAMPBELL | 15888 FERRELLS CREEK ROAD<br>BELCHER, KY 41513 | DIRECTOR, PRESIDENT AND SECRETARY | N/A |
| MARK TEAGUE | 15888 FERRELLS CREEK ROAD<br>BELCHER, KY 41513 | CHIEF FINANCIAL OFFICER | N/A |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| JAMES H. BOOTH | P.O. BOX 1387<br>INEZ, KY 41224 | DIRECTOR | From 7/26/2000 To 6/4/2019 |
| JAMES H. BOOTH | P.O. BOX 1387<br>INEZ, KY 41224 | CHIEF EXECUTIVE OFFICER | From 9/23/2015 To 6/4/2019 |
| TED MCGINNIS | P.O. BOX 1417<br>INEZ, KY 41224 | DIRECTOR/VICE PRESIDENT | From 7/26/2000 To 6/4/2019 |
| TED MCGINNIS | P.O. BOX 1417<br>INEZ, KY 41224 | SECRETARY | From 9/23/2015 To 6/4/2019 |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| CAMBRIAN COAL CORPORATION | 61-1373394 |
| CAMBRIAN HOLDING COMPANY, INC. | 47-5358203 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

Debtor _____    Case number (if known)_____
          (Name)

---

**Part 14:** **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property
by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the
information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/1/2019.

✖   /s/ J. Mark Campbell                                           J. Mark Campbell
_____                  _____
Signature of individual signing on behalf of the debtor           Printed Name

President
_____
Position or relationship to debtor


  Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☐ No
☒ Yes

---

### Statement of Financial Affairs - Exhibit 3

### Apex Energy, Inc.   19-51210

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| COMMUNITY TRUST BANK<br>ATTN JEAN R HALE PRESIDENT  CEO<br>346 N MAYO DRIVE<br>PIKEVILLE, KY  41501 | 00041421 | 03/31/2019 | $189,000.00 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041425 | 03/31/2019 | $203,000.00 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041433 | 04/30/2019 | $192,000.00 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041434 | 04/30/2019 | $179,000.00 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041444 | 05/31/2019 | $183,000.00 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041454 | 05/31/2019 | $162,000.00 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | | | **$1,108,000.00** | |
| IRS<br>1111 CONSTITUTION AVE NW<br>WASHINGTON, DC  20224-0001 | 00041429 | 04/30/2019 | $4,004.51 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041435 | 04/30/2019 | $10,054.74 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041441 | 05/31/2019 | $4,649.72 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | | | **$18,708.97** | |
| MERITAIN HEALTH<br>PO BOX 223881<br>PITTSBURGH, PA  15250 | 00041418 | 03/31/2019 | $66,020.64 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041419 | 03/31/2019 | $2,484.51 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041426 | 03/31/2019 | $143,235.53 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041431 | 04/30/2019 | $25,612.08 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041439 | 04/30/2019 | $341,661.06 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041440 | 05/31/2019 | $64,187.25 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041446 | 05/31/2019 | $563,602.62 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041447 | 05/31/2019 | $108,536.12 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041455 | 05/31/2019 | $85,705.81 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041456 | 05/31/2019 | $1,194.05 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041457 | 05/31/2019 | $9,278.87 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041458 | 05/31/2019 | $4,133.85 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | | | **$1,415,652.39** | |

**Statement of Financial Affairs - Exhibit 3**

**Apex Energy, Inc.   19-51210**

| Claimant | Check Number | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|---|
| PRUDENTIAL RETIREMENT<br>THE PRUDENTIAL INSURANCE COMPA<br>30 SCRANTON OFFICE PARK<br>SCRANTON, PA  18507-1789 | 00041422 | 03/31/2019 | $33,050.38 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041423 | 03/31/2019 | $57,249.04 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041424 | 03/31/2019 | $31,153.15 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041427 | 04/30/2019 | $53,715.38 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041428 | 04/30/2019 | $32,057.47 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041430 | 04/30/2019 | $54,606.11 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041436 | 04/30/2019 | $31,546.48 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041437 | 04/30/2019 | $50,828.33 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | 00041438 | 04/30/2019 | $30,849.89 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | | | **$375,056.23** | |
| TREASURER, KY UNEMPLOYMENT<br>INSURANCE FUND<br>PO BOX 2003<br>FRANKFORT, KY  40602-2003 | 00041442 | 05/31/2019 | $25,186.01 | CHECK / WIRE / OTHER FORM OF PAYMENT |
| | | | **$25,186.01** | |

**Grand Total:  5**                                         **$2,942,603.60**

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

<u>   Eastern   </u> District Of <u>  Kentucky  </u>

**In re**

Apex Energy, Inc.                                        Case No. <u>19-51210    </u>

**Debtor**                                               Chapter <u> 11       </u>

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ <u>Hourly rate for services</u> rendered

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . $<u>See declaration in</u> Case No. 19-51200
    Docket No. 156

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ <u>N/A     </u>

2.  The source of the compensation paid to me was:

    [X] Debtor          [ ] Other (specify)

3.  The source of compensation to be paid to me is:

    [X] Debtor          [ ] Other (specify)

4.  [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.   [Other provisions as needed]

        All chapter 11 services as described in Docket No. 156 in Case No. 19-51200.

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| 8/1/2019 | /s/ Patricia K. Burgess |
| *Date* | *Signature of Attorney* |
| | Frost Brown Todd LLC |
| | *Name of law firm* |